# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00637-CV

### Airlinx Communications, Inc., Appellant

### v.

### Ultra Electronics Advanced Tactical Systems, Inc., Appellee

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-12-002873, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Airlinx Communications, Inc. seeks to appeal a final judgment signed on July 15, 2015. According to the clerk's record, no motion for new trial or other post-judgment motion was filed. *See* Tex. R. App. P 26.1(a) (when certain post-judgment motions are filed, notice of appeal is due within ninety days after judgment is signed). Consequently, Airlinx's deadline to file its notice of appeal was August 14, 2015. *See id*. R. 26.1 (generally, notice of appeal must be filed within thirty days after judgment is signed). Airlinx's notice of appeal was not filed until October 7, 2015.

The Clerk of this Court notified Airlinx, by letter, that it appeared that Airlinx's notice of appeal was not timely filed and, as a result, that the Court lacked jurisdiction to consider this appeal. Airlinx responded in writing, asserting that its notice of appeal should be deemed timely under the mailbox rule, Rule 9.2 of the Texas Rules of Appellate Procedure. *See id*. R. 9.2. In support

of its assertion, Airlinx submitted the affidavit of its President, Tjalling Hoiska, stating that "the notice of appeal for this trial court case was mailed to the district clerk's office on or before August 14, 2015."

A document is deemed timely filed under mailbox rule only when (1) the document is properly deposited in the mail or delivered to a commercial delivery service on or before the last day for filing and (2) the document is received by the clerk within ten days of the filing deadline. *See id*. R. 9.2(b). Here, Airlinx's notice of appeal was file stamped by the trial court clerk on October 7, 2015, and the signature block on the notice of appeal bears Hoiska's signature and purports to be signed by him on October 7, 2015. Based on the record before us, we have no basis to conclude that Airlinx's notice of appeal was received by the trial court within ten days after the filing deadline, but not filed by the trial court clerk until October 7, 2015. Because Airlinx's notice of appeal was not timely filed and the mailbox rule does not apply, this Court lacks jurisdiction to consider this appeal. *See id*. R. 25.1(b). We dismiss the appeal for want of jurisdiction. *See id*. R. 42.3(a).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: December 11, 2015